APPEAL,CLOSED,TYPE I–FOIA

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:11–cv–00939–RJL
# *Internal Use Only*

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION v. DEPARTMENT OF JUSTICE | Date Filed: 05/19/2011 |
| Assigned to: Judge Richard J. Leon | Date Terminated: 09/21/2012 |
| Cause: 05:552 Freedom of Information Act | Jury Demand: None |
| | Nature of Suit: 895 Freedom of Information Act |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | represented by | **David L. Sobel** <br> ELECTRONIC FRONTIER FOUNDATION <br> 1818 N Street, NW <br> Suite 410 <br> Washington, DC 20036 <br> (202) 246–6180 <br> Fax: (202) 797–9066 <br> Email: sobel@att.net <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **DEPARTMENT OF JUSTICE** | represented by | **Elisabeth Layton** <br> U.S. DEPARTMENT OF JUSTICE <br> Civil Division, Federal Programs Branch <br> 20 Massachusetts Avenue, NW <br> Suite 7110 <br> Washington, DC 20530 <br> (202) 514–3183 <br> Email: elisabeth.layton@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/19/2011 | 1 | | COMPLAINT against DEPARTMENT OF JUSTICE ( Filing fee $ 350, receipt number 4616038972) filed by ELECTRONIC FRONTIER FOUNDATION. (Attachments: # 1 Civil Cover Sheet)(jf, ) (Entered: 05/20/2011) |
| 05/19/2011 | | | SUMMONS (3) Issued as to DEPARTMENT OF JUSTICE, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 05/20/2011) |

| 05/19/2011 | 2 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests NONE by ELECTRONIC FRONTIER FOUNDATION (jf, ) (Entered: 05/20/2011) |
| 06/10/2011 | 3 | | STANDING ORDER. Signed by Judge Richard J. Leon on 6/10/2011. (lcrjl3) (Entered: 06/10/2011) |
| 06/20/2011 | 4 | | ANSWER to 1 Complaint by DEPARTMENT OF JUSTICE.(Layton, Elisabeth) (Entered: 06/20/2011) |
| 07/20/2011 | 5 | | MEET AND CONFER STATEMENT. (Layton, Elisabeth) (Entered: 07/20/2011) |
| 08/04/2011 | 6 | | ERRATA *Proposed Order* by DEPARTMENT OF JUSTICE 5 Meet and Confer Statement. (Layton, Elisabeth) (Entered: 08/04/2011) |
| 08/08/2011 | 7 | | ORDER : Defendant's Motion for Summary Judgment due by 10/7/2011. Plaintiff's Opposition thereto and Cross–Motion for Summary Judgment due by 11/7/2011. Defendant's Reply and Opposition due by 11/21/2011. Plaintiff's Reply by 12/5/2011. Signed by Judge Richard J. Leon on 8/5/2011. (see order) (kc) (Entered: 08/08/2011) |
| 09/30/2011 | 8 | | Unopposed MOTION for Extension of Time to *File Defendant's Motion For Summary Judgment* by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Layton, Elisabeth) (Entered: 09/30/2011) |
| 10/07/2011 | 9 | | ORDER granting 8 Defendant's Motion for Extension of Time. Defendant's Motion for Summary Judgment is due by 11/4/2011; Plaintiff's Opposition and Cross–Motion is due by 12/7/2011; Defendant's Reply to Summary Judgment and Opposition to the Cross–Motion is due by 12/21/2011; Plaintiff's Reply to the Cross–Motion is due by 1/6/2012. Signed by Judge Richard J. Leon on 10/3/2011. (jth) (Entered: 10/07/2011) |
| 11/04/2011 | 10 | | Unopposed MOTION for Extension of Time to *File Defendant's Motion For Summary Judgment* by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Layton, Elisabeth) (Entered: 11/04/2011) |
| 11/07/2011 | | | MINUTE ORDER granting 10 Unopposed Motion for Extension of Time to File Defendant's Motion for Summary Judgment. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 11/7/2011. (lcrjl3) (Entered: 11/07/2011) |
| 11/10/2011 | 11 | | MOTION for Summary Judgment by DEPARTMENT OF JUSTICE (Attachments: # 1 Statement of Facts, # 2 Memorandum in Support, # 3 Declaration of David M. Hardy, # 4 Declaration of Paul P. Colborn, # 5 Text of Proposed Order)(Layton, Elisabeth) (Entered: 11/10/2011) |
| 12/13/2011 | 12 | | NOTICE *OF FILING CORRECTED DECLARATION OF DAVID M. HARDY* by DEPARTMENT OF JUSTICE re 11 MOTION for Summary Judgment (Attachments: # 1 Errata Corrected Declaration of David M. Hardy)(Layton, Elisabeth) (Entered: 12/13/2011) |
| 12/13/2011 | 13 | | Memorandum in opposition to re 11 MOTION for Summary Judgment filed by ELECTRONIC FRONTIER FOUNDATION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Statement of Facts (Response), # 4 Text of Proposed Order)(Sobel, David) (Entered: 12/13/2011) |

| 12/13/2011 | 14 | | Cross MOTION for Summary Judgment by ELECTRONIC FRONTIER FOUNDATION (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Statement of Facts, # 4 Text of Proposed Order)(Sobel, David) (Entered: 12/13/2011) |
| 12/19/2011 | 15 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 MOTION for Summary Judgment, 14 Cross MOTION for Summary Judgment by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Layton, Elisabeth) (Entered: 12/19/2011) |
| 12/27/2011 | | | MINUTE ORDER granting 15 Unopposed Motion for Extension of Time to File Response. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 12/27/11.(lcrjl3) (Entered: 12/27/2011) |
| 12/28/2011 | | | Set/Reset Deadlines: Defendant's Reply to the Motion for Summary Judgment and Response to Plaintiff's Cross Motion is due by 1/9/2012. Plaintiff's Reply to the Cross Motion is due by 1/25/2012. (jth) (Entered: 12/28/2011) |
| 01/09/2012 | 16 | | Unopposed MOTION for Extension of Time to *File Defendant's Opposition To Plaintiff's Cross−Motion For Summary Judgment And Reply In Support Of Defendant's Motion For Summary Judgment* by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Layton, Elisabeth) (Entered: 01/09/2012) |
| 01/10/2012 | 17 | | REPLY to opposition to motion re 11 MOTION for Summary Judgment, filed by DEPARTMENT OF JUSTICE. (Layton, Elisabeth) Modified link on 1/11/2012 (znmw, ). (Entered: 01/10/2012) |
| 01/10/2012 | 18 | | Memorandum in opposition to re 14 Cross MOTION for Summary Judgment filed by DEPARTMENT OF JUSTICE. (See Docket Entry 17 to view document. Counsel is reminded to file a combined reply and opposition as two separate docket entries in future). (znmw, ) (Entered: 01/11/2012) |
| 01/11/2012 | | | MINUTE ORDER granting 16 Unopposed Motion for Extension of Time to File Defendant's Opposition. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 01/11/12. (lcrjl3) (Entered: 01/11/2012) |
| 01/24/2012 | 19 | | Consent MOTION for Extension of Time to File Response/Reply *(Two Days)* by ELECTRONIC FRONTIER FOUNDATION (Attachments: # 1 Text of Proposed Order)(Sobel, David) (Entered: 01/24/2012) |
| 01/27/2012 | | | MINUTE ORDER granting 19 Consent Motion for Extension of Time to File Response/Reply. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 1/27/2012. (lcrjl3) (Entered: 01/27/2012) |
| 01/30/2012 | 20 | | REPLY to opposition to motion re 14 Cross MOTION for Summary Judgment filed by ELECTRONIC FRONTIER FOUNDATION. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sobel, David) (Entered: 01/30/2012) |
| 02/07/2012 | 21 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ELECTRONIC FRONTIER FOUNDATION (Sobel, David) (Entered: 02/07/2012) |
| 09/21/2012 | 22 | 6 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 9/21/2012. (kc ) (Entered: 09/21/2012) |

| 09/21/2012 | 23 | 23 | ORDER, For the reasons set forth in the Memorandum Opinion entered this date, it is this 21st day of September, 2012, hereby ORDERED that defendant's Motion 11 for Summary Judgment is GRANTED; it is further ORDERED that plaintiff's Cross–Motion 14 for Summary Judgment is DENIED. Signed by Judge Richard J. Leon on 9/21/2012. (see order) (kc ) (Entered: 09/21/2012) |
| 11/15/2012 | 24 | 5 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 23 Order on Motion for Summary Judgment,,, 22 Memorandum &Opinion by ELECTRONIC FRONTIER FOUNDATION. Filing fee $ 455, receipt number 0090–3133183. Fee Status: Fee Paid. Parties have been notified. (Sobel, David) (Entered: 11/15/2012) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-0939 (RJL) |
| | ) | |
| **DEPARTMENT OF JUSTICE**, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

### NOTICE OF APPEAL

Notice is hereby given that plaintiff in the above-captioned action, Electronic Frontier

Foundation, hereby appeals to the United States Court of Appeals for the District of Columbia

Circuit from the District Court's September 21, 2012 memorandum opinion and order granting

defendant Department of Justice's motion for summary judgment and denying plaintiff's cross-

motion for summary judgment in this action brought under the Freedom of Information Act, 5

U.S.C. § 552.

Respectfully submitted,

*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1818 N Street, N.W., Suite 410
Washington, DC 20036
(202) 797-9009

MARK RUMOLD
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Counsel for Plaintiff

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Case No. 11-939 (RJL)** |
| **v.** | ) ) | |
| **DEPARTMENT OF JUSTICE.** | ) ) | |
| **Defendant.** | ) ) | |

ら+

**MEMORANDUM OPINION**
(September **21**, 2012) [#11, #14]

Plaintiff Electronic Frontier Foundation ("EFF" or "plaintiff") brings this action against the U.S. Department of Justice ("the Department", "DOJ" or "defendant") for failure to disclose information pursuant to the Freedom of Information Act ("FOIA"). Plaintiff seeks material from DOJ's Office of Legal Counsel ("OLC") that interprets the scope of certain areas of the Federal Bureau of Investigation's ("FBI") authority under federal surveillance law.  Before the Court are the parties' cross-motions for summary judgment.   Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendant's motion is GRANTED and the plaintiff's cross-motion is DENIED.

**BACKGROUND**

Plaintiff is a non-profit organization concerned with technology-related civil

1

liberty issues. Compl. ¶ 3, ECF No. 1. In February 2011, plaintiff submitted a FOIA

request for a January 8, 2010 memorandum prepared by OLC (hereinafter, "OLC

Opinion") for the FBI. *Id.* ¶ 9. The requested OLC Opinion was generated in the context

of an internal executive branch examination of some of the FBI's information-gathering

techniques. *Id.* ¶¶ 5-6. More specifically, pursuant to the reauthorization of the USA

PATRIOT Act, DOJ's Office of the Inspector General ("OIG") examined the FBI's

practice of requesting and receiving telephone records from major companies by using

secret administrative subpoenas known as National Security Letters ("NSLs"). *Id.* The

OIG found that the FBI was sometimes requesting immediate disclosure of telephone

records using exigent letters, rather than or prior to providing NSL subpoenas, and

subsequently initiated a study of the FBI's use of these exigent letters to obtain

telecommunications records. *Id.* ¶ 5.

     While the OIG study was still in progress, the FBI sought OLC's legal advice on

whether, in national security investigations, the FBI's obtainment of certain types of

telephone records without the use of NSLs or any other process complied with the law.

*Id.* ¶ 6. On January 8, 2010, OLC provided the FBI with a memorandum of its legal

analysis and advice. *Id.* Pursuant to the FOIA, plaintiff requested a copy of the OLC

Opinion on February 15, 2011. *Id.* ¶ 9. Ten days later, on February 25, 2011, OLC

denied plaintiff's FOIA request, explaining that the OLC Opinion was being withheld

under FOIA Exemptions 1 and 5. *Id.* ¶ 10. Plaintiff formally appealed OLC's decision to

DOJ's Office of Information Policy ("OIP") on March 18, 2011, but received no

response. *Id.* ¶¶ 11-13.

Two months later, on May 19, 2011, plaintiff filed a complaint in this Court, seeking an order to compel disclosure of the OLC Opinion. *See generally id.* On November 10, 2011, the Department moved for summary judgment, contending that the OLC Opinion was justifiably withheld under FOIA Exemptions 1 and 5. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 1, ECF No. 11. The Department supported its motion with two affidavits, one from the FBI Section Chief responsible for FOIA requests and the other from OLC Special Counsel. *See* Corrected Decl. of David M. Hardy ("Hardy Decl."), ECF No. 12-1; Decl. of Paul P. Colborn ("Colborn Decl."), ECF No. 11-4. On December 13, 2011, plaintiff also moved for summary judgment, asserting that the DOJ is not entitled to summary judgment because it failed to carry its burden to withhold the OLC Opinion under Exemptions 1 and 5. Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Mem.") at 11-12, ECF No. 14. For the reasons set forth below, I disagree and GRANT summary judgment in favor of the defendant.

## ANALYSIS

Both parties have moved for summary judgment in this case. FOIA cases are "typically and appropriately" decided on motions for summary judgment. *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "When assessing a motion for summary judgment under FOIA, the Court shall determine the matter *de novo.*" *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598 F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)).

Summary judgment is appropriate when the record demonstrates that there is no

3

genuine issue of material fact in dispute and that the moving party is entitled to judgment

as a matter of law.  Fed. R. Civ. P. 56(a).  With respect to an agency's non-disclosure

decisions in a FOIA action, the court may rely on affidavits or declarations if they

describe "the justifications for nondisclosure with reasonably specific detail, demonstrate

that the information withheld logically falls within the claimed exemption, and are not

controverted by either contrary evidence in the record nor by evidence of agency bad

faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also*

*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (affidavits and

declarations are "accorded a presumption of good faith, which cannot be rebutted by

purely speculative claims about the existence and discoverability of other documents")

(internal citation and quotation marks omitted).

 "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient

if it appears 'logical' or 'plausible.'" *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C.

Cir. 2009) (quoting *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007)).  In assessing

the logic and plausibility of an agency assertion of an exemption, "reviewing courts

[should] respect the expertise of an agency" and avoid "overstep[ping] the proper limits

of the judicial role in FOIA review." *Hayden v. NSA*, 608 F.2d 1381, 1388 (D.C. Cir.

1979); *see also Military Audit Project*, 656 F.2d at 753; *Halperin v. CIA*, 629 F.2d 144,

148 & n.20 (D.C. Cir. 1980).  For the following reasons, the Court finds there are no

genuine issues of material fact as to the validity of each exemption invoked in this case.

**I.     Exemption 1**

 Information can be withheld under Exemption 1 if it is "specifically authorized

under criteria established by an Executive order to be kept secret in the interest of

national defense or foreign policy and [is] in fact properly classified pursuant to such

Executive order." 5 U.S.C. § 552(b)(1). The Department asserts that the withheld

information contained within the OLC Opinion was properly classified pursuant to

Executive Order ("E.O.") 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), which exempts from

disclosure information pertaining to "intelligence activities" and "intelligence sources or

methods" that, if disclosed, could be expected to cause damage to the national security.

E.O. 13526, §§ 1.2, 1.4(c).

     To show that it has properly withheld information under E.O. 13526, and that the

classification is proper, DOJ must demonstrate that the withheld information falls within

the substantive scope of E.O. 13526, and that the information was classified using the

proper procedures.[1]  Under section 1.1(a) of E.O. 13526, information can be properly

classified if it (1) is classified by an original classification authority; (2) is owned,

produced, or controlled by the U.S. government; (3) pertains to "intelligence activities

---

[1] *See King v. DOJ*, 830 F.2d 210, 214 (D.C. Cir. 1987); *Halperin v. Dep't of State*, 565 F.2d 699, 703 (D.C. Cir. 1977); Hardy Decl. ¶ 7.  These proper procedures include: (1) the document was marked as required and stamped with the proper classification designation, E.O. 13526, §§ 1.6(a)(1)-(5); (2) the document was marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O. 13526, § 1.6(c), and which portions are unclassified, E.O. 13526, § 1.6(c); (3) the prohibition and limitations on classification specified in E.O. 13526, § 1.7(a) were adhered to; (4) the declassification policies set forth in E.O. 13526, §§ 3.1 ("Authority for Declassification") and 3.3 ("Automatic Declassification") were followed; and (5) any reasonably segregable portions of this classified document which did not meet the standards for classification under E.O. 13526 were declassified and marked for release, unless withholding was otherwise warranted under applicable law, 5 U.S.C. § 552(b).  *See* Hardy Decl. ¶ 10.  The Hardy declaration explains that all of the procedural requirements of E.O. 13526 were followed in this case.  *Id.*

(including covert action), intelligence sources or methods, or cryptology", among other protected categories, and (4) "the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in [a specified level of] damage to the national security, . . . and the original classification authority is able to identify or describe the damage." E.O. 13526, §§ 1.1(a), 1.4(c); *see also* Hardy Decl. ¶ 8.

Here, DOJ withheld from the plaintiff specific portions of the OLC Opinion that contained highly specific, classified information relating to FBI intelligence sources or methods. *See* Hardy Decl. ¶¶ 12, 16, 17. The eleven-page OLC Opinion was written in response to a specific request from the FBI for legal analysis and advice regarding the OIG's then ongoing evaluation of the FBI's information-gathering techniques in national security investigations. *Id.* ¶ 11. To support its actions in this case, the Department submitted two declarations, one from David M. Hardy, Section Chief of FBI's Records Management Division, and another from Paul P. Colborn, OLC Special Counsel. *See generally id.*; Colborn Decl. Based on these detailed declarations, I find that the specified portions of the OLC Opinion were appropriately withheld by DOJ under Exemption 1.

First, the Department's declarations demonstrate that the classification markings in the OLC Opinion, which were ultimately withheld, were properly made pursuant to the mandated procedures of E.O. 13526. More specifically, the Hardy and Colborn declarations explain that the FBI, in making its request for legal advice to OLC, sent two letters to the agency that included classified factual information regarding "certain

6

sensitive techniques used in the context of national security and law enforcement

investigations." [2]   Colborn Decl. ¶¶ 9-11; Hardy Decl. ¶ 4.  Utilizing such classified

factual information to render its guidance, OLC followed its standard practice and

marked as classified "[t]hose portions of the [OLC] Opinion which reflect classified

factual information provided to OLC by the FBI." Colborn Decl. ¶ 11.  Accordingly, in

determining whether each classification marking contained in the OLC Opinion is proper,

Hardy, who holds original classification authority pursuant to E.O. 13526,[3] also carefully

reviewed each of the classification markings contained in the two FBI letters.  Hardy

Decl. ¶¶ 4, 18, 21.  The Hardy declaration makes clear that, in accordance with E.O.

13526, all withheld information in the OLC Opinion was appropriately classified at the

"SECRET/NOFORN" ("S/NF") level by the FBI, was under the control of the U.S.

government, and continues to warrant classification at the "S/NF" level in the interest of

national security.[4]  *Id.* ¶¶ 5, 9, 12, 19, 21.

In addition, through the assertions in its declarations, the DOJ demonstrates that

---

[2] The first letter, a November 27, 2009 opinion request, was from FBI's General Counsel, Valerie Caproni, to OLC's Acting Assistant Attorney General, David Barron.  Hardy Decl. ¶ 4.  Supplementing the previous letter with additional facts and an expanded request for legal advice, the second letter, dated December 11, 2009, was again from Caproni to Barron.  *Id.*  The DOJ declarations confirm that a number of the individual paragraphs in these two letters were marked as classified by the FBI at the "SECRET/NOFORN" ("S/NF") level, which restricts access to persons who need to know with an appropriate security clearance.  *See id.*; Colborn Decl. ¶ 10.

[3] More specifically, Hardy has been designated by the Attorney General of the United States as an original classification authority pursuant to E.O. 13526, §§ 1.3 and 3.1. Hardy Decl. ¶ 2.

[4] The only reclassification ordered by Hardy after his "careful classification review" of the OLC Opinion was the re-designation from "UNCLASSIFIED" ("U") to "S/NF" of *one footnote.* Hardy Decl. ¶ 21.

the withheld portions of the OLC Opinion were properly classified under section 1.4(c) as intelligence activities, sources or methods and that disclosure of such information could reasonably be expected to cause damage to national security.  More specifically, Hardy avers in his declaration that the classified information contained in the OLC Opinion concerns: (1) "actual intelligence activities, sources or methods used by the FBI against targets of foreign counterintelligence and counterterrorism investigations or operations"; and (2) "intelligence-gathering capabilities used by the FBI to gather specific information on targets of national security investigations." Hardy Decl. ¶¶ 14-15.   Explaining that such information is "highly specific," "known to very few individuals," and "still used by the FBI today to gather intelligence information," *id.* ¶ 16, Hardy asserts that the disclosure of such information could reasonably be expected to cause "serious damage to national security" by, among other things, "allow[ing] hostile entities to discover the current methods and activities used" and "appraise the scope, focus, location, and capabilities of the FBI's intelligence-gathering methods and activities." *Id.* ¶¶ 12, 16-17. In addition to causing a major disruption to FBI's intelligence-gathering capabilities, this would also "severely damage the FBI's efforts to detect and apprehend violators of the United States' national security and criminal laws." *Id.* ¶ 16.  Moreover, Hardy explains that disclosure also could "allow hostile agents to devise countermeasures to circumvent these intelligence activities or methods," such as the "alteration of behavior to evade detection" or the "utiliz[ation] [of] these same methods and activities to engage in disinformation," thus rendering the FBI's methods and activities "useless in providing intelligence information." *Id.* ¶¶ 16-17.

8

"[C]ourts must 'recognize that the Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects [sic] might occur as a result of public disclosure of a particular classified record.'" *Salisbury v. United States*, 690 F.2d 966, 970 (D.C. Cir. 1982) (quoting S. Rep. No. 93-1200, at 12 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6267, 6290).   Thus, while this Court's review is *de novo*, our Circuit has consistently emphasized its deferential posture to the executive in FOIA cases involving national security concerns, as judges "lack the expertise necessary to second-guess such agency opinions in the typical national security FOIA case." *Halperin*, 629 F.2d at 148; *see also Larson*, 565 F.3d at 865; *Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 928 (D.C. Cir. 2003).   Accordingly, this Court should not "conduct a more detailed inquiry to test the [DOJ's] judgment and expertise or to evaluate whether the court agrees with the [DOJ's] opinions" if the agency's statements in support of exemption "contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise." *Larson*, 565 F.3d at 865; *see also Hodge v. FBI*, 764 F. Supp. 2d 134, 138 (D.D.C. 2011).   "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Larson*, 565 F.3d at 862 (internal citations and quotation marks omitted); *Wolf v. CIA*, 357 F. Supp. 2d 112, 116 (D.D.C. 2004), *rev'd on other grounds*, 473 F.3d 370 (D.C. Cir. 2007) ("In reviewing a classification decision . . . this Circuit has required little more than a showing that the agency's rationale is logical.").

Conferring substantial weight and deference to the DOJ's declarations, I find that

the Department has explained with sufficient detail why the withheld information in the OLC Opinion qualifies as "intelligence sources or methods" and adequately described the potential harm to national security that could result from the information's public disclosure.  The Department has thus met its burden for invoking FOIA Exemption 1 by demonstrating that the information requested by plaintiff in the OLC Opinion is properly classified according to the criteria established by E.O. 13526.

Plaintiff's arguments to the contrary are unpersuasive.  First, plaintiff argues that the DOJ failed to provide a detailed justification of its withholdings, tied to the particular part of the OLC Opinion to which it applied, and thus failed to sustain its burden regarding FOIA Exemption 1 on summary judgment.[5]  *See* Pl.'s Mem. at 14-15.  The law of our Circuit has made clear, however, that an agency satisfies its burden provided that the agency's submissions[6] set forth a "relatively detailed justification for invoking an exemption to disclosure; specifically identify the reasons why a particular exemption is relevant; and correlate those claims with those records (or portions thereof) to which they apply."  *Schoenman v. FBI*, 763 F. Supp. 2d 173, 188 (D.D.C. 2011) (quoting *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145 (D.C. Cir. 2006)) (internal quotation marks omitted).

_____

[5] More specifically, plaintiff takes issue with DOJ's application of Exemption 1, in the aggregate, to pages 1 to 2 and 4 to 11 of the OLC Opinion, without specifying "that [certain] words, lines, or paragraphs in the document are classified."  Pl.'s Mem. at 14.

[6] Although a *Vaughn* index is generally required in FOIA cases, our Circuit has made clear that supporting affidavits may be submitted in lieu of a *Vaughn* index, as "it is the function, not the form, of the index that is important."  *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006); *Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 349 (D.C. Cir. 1987).

Here, the Department has made clear, via its declarations, that it is asserting

Exemption 1 only as to certain paragraphs of the OLC Opinion which have been marked

as classified in accordance with the classification markings included in the FBI's two

letters to OLC requesting legal advice. *See* Hardy Decl. ¶¶ 4-5, 12, 20-21; Colborn Decl.

¶¶ 10-11. Having conveyed enough information for the plaintiff and the Court "to

identify the records referenced and understand the basic reasoning behind the claimed

exemptions," *Morley v. CIA*, 508 F.3d 1108, 1123 (D.C. Cir. 2007), the Department's

submitted declarations are sufficiently specific to satisfy its burden without going so far

as to disclose protected information. *See Judicial Watch*, 449 F.3d at 147 ("We have

never required repetitive, detailed explanations for each piece of withheld information.").

As such, this Court declines plaintiff's invitation to review the records at issue *in camera*.

*See* Pl.'s Reply Mem. in Supp. of Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Reply") at 5, ECF

No. 20; *Hayden*, 608 F.2d at 1387 (in FOIA cases, *in camera* review is a "last resort to be

used only when the affidavits are insufficient for a responsible [d]e novo decision")

(internal citation and quotation marks omitted).

Second, plaintiff alleges that DOJ has failed to demonstrate a "logical connection"

between the withheld information, which it characterizes as "ten pages of legal analysis,"

and the claimed exemption, namely the disclosure of intelligence activities, sources, or

methods. Pl.'s Mem. at 15-16. The Department's submissions elucidate, however, that

information withheld from the OLC Opinion under Exemption 1 reflects classified

factual information provided to OLC by the FBI that, if disclosed, could cause damage to

national security, and any portion of the OLC Opinion that contains only legal analysis,

divorced from classified factual information, has been withheld under Exemption 5, not

Exemption 1.[7]   Plaintiff's argument is thus misplaced.

Last, plaintiff accuses the Department of improperly classifying some of the

material to avoid embarrassment or conceal law-breaking. *See* Pl.'s Mem. at 16-17.  The

plaintiff however has no evidence to support its bald allegation of government

misconduct.  Without any evidence suggesting bad faith on behalf of the defendant, I

conclude that this information was properly withheld under Exemption 1.  *See Gov't*

*Accountability Project v. U.S. Dep't of State*, 699 F. Supp. 2d 97, 102 (D.D.C. 2010).

## II.      FOIA Exemption 5

FOIA Exemption 5 protects from disclosure inter-agency or intra-agency letters or

memoranda "which would not be available by law to a party . . . in litigation with the

agency." 5 U.S.C. § 552(b)(5).   To qualify for this exemption, a document "must fall

within the ambit of a privilege against discovery under judicial standards that would

govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water*

*Users Protective Ass'n*, 532 U.S. 1, 8 (2001).   Courts have incorporated civil discovery

privileges into this exemption, such as attorney work-product, attorney-client privilege,

and "deliberative process" privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132,

148-49 (1975); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 862 (D.C. Cir. 1980).

Here, the defendant asserts both the deliberative process privilege and the attorney-client

---

[7] *See* Colborn Decl. ¶ 11 ("Those portions of the [OLC] Opinion which reflect classified
factual information provided to OLC by the FBI are marked classified.  Those portions of
the [OLC] Opinion that are marked unclassified reflect other confidential factual as well
as confidential legal communications provided by the FBI to OLC for the purpose of
obtaining legal advice.").

privilege to withhold the entirety of the OLC Opinion.  Def.'s Mem. in Supp. of Mot. for

Summ. J. ("Def.'s Mem.") at 1, ECF No. 11-2.  For the following reasons, I agree.

## A. Deliberative Process Privilege

The deliberative process privilege exempts from disclosure those documents that

contain deliberations comprising part of a process by which governmental decisions and

policies are made.  *Klamath Water Users*, 532 U.S. at 8.  Accordingly, government

materials that are both "predecisional" and "deliberative" are shielded by the privilege.

*Tax Analysts v. IRS*, 117 F.3d 607, 616 (D.C. Cir. 1997); *see also Vaughn v. Rosen*, 523

F.2d 1136, 1143-44 (D.C. Cir. 1975) (noting that a document is "deliberative" if it

"makes recommendations or expresses opinions on legal or policy matters"); *Petroleum

Info. Corp. v. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (citing

*Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)) ("A

document is predecisional if it was prepared in order to assist an agency decision-maker

in arriving at his decision, rather than to support a decision already made.") (internal

quotation marks omitted).  "[T]he ultimate purpose of this long-recognized [deliberative

process] privilege is to prevent injury to the quality of agency decisions" as well as to

encourage "the frank discussion of legal and policy issues" by ensuring that agencies are

not "forced to operate in a fishbowl."  *Sears*, 421 U.S. at 151; *Mapother v. DOJ*, 3 F.3d

1533, 1537 (D.C. Cir. 1993); *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768,

773 (D.C. Cir. 1988) (en banc).

In this case, the Department withholds the entirety of the eleven-page OLC

Opinion under the deliberative process privilege because "it constitutes advice used by

13

decision-makers at the FBI and by other Executive Branch agencies and Department

components in the context of their efforts to ensure that any [FBI] information-gathering

procedures comply fully with the law."  Colborn Decl. ¶ 13.  In his declaration, Colborn

explains that the OLC Opinion was sought by the FBI in connection with the agency's

"re-evaluation" of its use of sensitive techniques in national security and law enforcement

investigations, in response to questions raised about such techniques by the OIG.  *Id.*  In

evaluating how it should respond to OIG's draft report on the issue, the FBI thus sought

OLC's guidance regarding "the proper interpretation of the law with respect to

information-gathering procedures employed by the FBI and other Executive Branch

agencies."[8]  *Id.* ¶ 14.  Disclosure of the OLC Opinion, Colborn asserts, "would

undermine the deliberative processes of the government and chill the candid and frank

communications necessary for effective governmental decision-making."  *Id.* ¶ 13.

 It is apparent that the OLC Opinion is both predecisional and deliberative in

nature, and thus subject to the deliberative process privilege.  The OLC Opinion as

described in the Department's declarations contains inter-agency material that was

generated as part of a continuous process of agency decision-making, namely how to

respond to the OIG's critique of the FBI's information-gathering methods in certain

investigations.  The declarations explain that the OLC prepared the memorandum at

issue, which expresses legal opinions and makes recommendations based thereon, to

---

[8] FBI's request to OLC for legal guidance fits squarely within the OLC's principal function: to assist the Attorney General in his role as legal advisor to the President of the United States and to departments and agencies of the Executive branch.  Colborn Decl. ¶ 2.  In this role, the OLC *"provides advice and prepares opinions addressing a wide range of legal questions involving the operations of the Executive Branch." Id.*

assist the FBI in arriving at its policy decision.[9]  The law of our Circuit is clear that under

such circumstances, the OLC Opinion is appropriately exempt from disclosure pursuant

to Exemption 5.[10]  Indeed, it is not hard to imagine how disclosure of the OLC Opinion

would likely interfere with the candor necessary for open discussions on the FBI's

preferred course of action regarding the OIG evaluation.  *See* Colborn Decl. ¶ 4.

Accordingly, I uphold the DOJ's classification of the OLC Opinion as subject to

the deliberative process privilege and therefore exempt from disclosure under Exemption

5.  Because all of the information withheld pursuant to the attorney-client privilege was

---

[9] Although plaintiff may dispute the DOJ's chronology of events, Pl.'s Mem. at 21-27, agency affidavits are accorded a presumption of good faith.  *See SafeCard Servs.*, 926 F.2d at 1200.

[10] *See, e.g., Grumman*, 421 U.S. at 188 ("By including inter-agency memoranda in Exemption 5, Congress plainly intended to permit one agency possessing decisional authority to obtain written recommendations and advice from a separate agency not possessing such decisional authority without requiring that the advice be any more disclosable than similar advice received from within the agency."); *Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) ("There can be no doubt that . . . legal advice, given in the form of intra-agency memoranda prior to any agency decision on the issues involved, fits exactly within the deliberative process  rationale . . ."); *Coastal States*, 617 F.2d at 868 ("series of memoranda to the Assistant Secretary of the Army from the General Counsel . . . recommending legal strategy" is a "classic case of the deliberative process at work"); *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, 249 F.R.D. 1, 5-7 (D.D.C. 2008) (OLC memorandum fits within the scope of deliberative process privilege because it "contains legal advice from the equivalent of [the Office of Administration's] outside counsel", "does not mandate a particular policy", and "can[not] rightly be described as itself a statement of the Executive Branch's legal position"); *Elec. Privacy Info. Ctr. v. DOJ*, 584 F. Supp. 2d 65, 75 (D.D.C. 2008) ("If OLC provides legal advice as part of a decision-making process, this legal advice is protected under the deliberative process privilege."); *Southam News v. INS*, 674 F. Supp. 881, 886 (D.D.C. 1987) (concluding that OLC opinion letters "generated in the course of formulating policies and positions that were being considered" falls within the deliberative process privilege); *Morrison v. DOJ*, No. 87-3394, 1988 WL 47662, at *1-2 (D.D.C. Apr. 29, 1988) (finding that an OLC legal opinion analyzing the constitutionality of a proposed *amendment was exempt from* disclosure under the deliberative process privilege).

also withheld pursuant to the deliberative process privilege, I do not need to consider the propriety of the defendant's application of the attorney-client privilege.

### B. Segregability

Finally, with regard to segregability, it is well established that an agency claiming that a document is exempt under FOIA must, after excising the exempted information, release any reasonably segregable information unless the non-exempt information is inextricably intertwined with the exempt information. *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999).

Here, the Department has sufficiently established that no portion of the OLC Opinion is reasonably segregable and releasable. The DOJ's declarations explicate that, although only portions of the OLC Opinion were withheld under Exemption 1, the entirety of the OLC Opinion was withheld under Exemption 5, leaving nothing significant that could be disclosed in a redacted format. *See* Hardy Decl. ¶ 5; Colborn Decl. ¶ 11. As the Colborn declaration adequately states, the unclassified portions of the OLC Opinion could not be released without "harm[ing] the deliberative processes of the government" by "chill[ing] the candid and frank communications necessary for effective governmental decision-making." Colborn Decl. ¶¶ 13, 15. In the absence of contrary evidence or specific cites to potentially unsegregated portions, the declarations are afforded the presumption of good faith. *See SafeCard Servs.*, 926 F.2d at 1200. Therefore, I find that no portion of the OLC Opinion could be segregated and subsequently released.

16

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the defendant's Motion for

Summary Judgment [Dkt. #11] and DENIES plaintiff's Cross-Motion for Summary

Judgment [Dkt. #14].  An Order consistent with this decision accompanies this

Memorandum Opinion.

RICHARD J. LEON
United States District Judge

17

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Case No. 11-939 (RJL)** |
| **DEPARTMENT OF JUSTICE.** | ) ) | |
| **Defendant.** | ) ) | |

**ORDER** *st*
(September 21, 2012)

For the reasons set forth in the Memorandum Opinion entered this date, it is this
21 st day of September, 2012, hereby

**ORDERED** that defendant's Motion for Summary Judgment [Dkt. #11] is

**GRANTED**; it is further

**ORDERED** that plaintiff's Cross-Motion for Summary Judgment [Dkt. #14] is

**DENIED**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge